## DAVIS v. POLLAK.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

CONTRACTS (§ 322*)—PERFORMANCE—EVIDENCE.

> Plaintiff's bill for $250, for "plumbing as per contract," sent defendant, and defendant's letter, returning the bill, and saying: "Inclosed  *  *  * find check for $200. As L. promised to pay any amount above that sum *  *  *  send bill for the difference to L., and send me the corrected bill" —is some evidence of performance of the work according to contract.

> [Ed. ·Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

> Lehman, J., dissenting in part.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel A. Davis against William Pollak (and others not summoned). Judgment for plaintiff, and defendant Pollak appeals. Affirmed.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

Gustav Lange, Jr., of New York City (James T. Brady, of New York City, of counsel), for appellant.

Abraham Greenberg, of New York City, for respondent.

BIJUR, J. The record sufficiently shows that plaintiff performed his agreement according to the plans and specifications which he testified were modified from time to time as the work progressed. Moreover, as to a number of alleged defects, he showed that they were in the work of other contractors, such as the carpenter, with whom he had nothing to do. There is certainly no testimony tendered by the defendant sufficient to overcome in this regard the force of plaintiff's Exhibit A, which was a bill for $250 for "plumbing as per contract." Defendant returned this bill to plaintiff with the following indorsement:

> "Inclosed please find check for $200, as Mr. London [another defendant] promised to pay any amount above that sum himself, kindly send bill for the difference to London and Martin, and send me the corrected bill. Yours truly, William Pollak."

I see no reason for disturbing the conclusions as to the facts arrived at by the learned judge below.

The judgment should be affirmed, with costs.

PAGE, J., concurs.

LEHMAN, J. (dissenting). The plaintiff sued for the value of work, labor, and services and materials furnished to the defendants at their special instance and request. At the trial he was permitted to amend his complaint to set forth claims under three separate contracts. The first cause of action set forth a claim for the balance due under a plumbing contract, the second set forth a claim for work per-

formed in cementing a cellar, and the third set forth a claim for payment of a drainage assessment made at defendant's request. The defendant Pollak alone appeared, and denied all the allegations of the complaint. The plaintiff was therefore required to prove both that the contracts were performed, and that they were made with the defendant.

It appears that the defendant was the owner of the premises where the work was performed, and it is his claim that all the work was done at the request of the tenants or of a general contractor. Upon this issue there was a direct conflict of testimony, and the decision of the trial justice cannot be disturbed. The defendant makes no claim that the cement work was not completed, or that the drainage assessment was not paid, but he does claim that the plumbing contract was not performed. The plaintiff showed that this contract was to perform the work according to plans and specifications. The plaintiff fails to produce the plans and specifications, and claims that the plans and specifications produced by the defendant were not the actual plans and specifications on which he based his estimate. If they were not the plans and specifications, then the plaintiff has failed to prove the essential details of the contract, and has failed to show performance.

The first cause of action should therefore have been dismissed, and the judgment should be modified by a reduction of $50, and as so modified affirmed, without costs to either party.